UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DESHAWN MOORE, Plaintiff,

v. Civil Action No. 3:20-cv-P545-DJH

MARTIN BAKER *et al.*, Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff DeShawn Moore filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss some of the claims and give Plaintiff an opportunity to amend the complaint.

I. **SUMMARY OF ALLEGATIONS**

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He sues LMDC and LMDC Deputy Director Martin Baker and Director Dewayne Clark in their individual and official capacities.

Plaintiff states, "There has been abusive force used against me and other inmates in the LMDC." He asserts that he was "denied medical attention as well as other inmates." He continues, "There was no pictures of mines and other inmates bruises and scars. Handcuffs was placed on me and I lost circulation in my hand for atleasts 2 hours. This inappropriate behavior by LMDC lead me to be placed in the hole for 60 days." Plaintiff further states, "My inmate disciplinary report behind these acts was never signed by an superior officer which is required by law and LMDC policy. Officer T. Elmore acted as investigating officer when he cannot because he wasn't and respondent officer to the situation on 5/31/2020 another law and LMDC policy

violation." He maintains, "All officers involved committed criminal coercion by even uphold against my appeal for wrong doing and lied on the inmate disciplinary report. Also the inmate disciplinary was furthered criminal coercion by pushing this action to force hold time out of me and several inmates." Plaintiff also states, "LMDC has a time frame to take notice of an disciplinary action and execute the process. Notice of disciplinary was 5/31/2020. The execution of disciplinary action was 6/4/2020. This exceeded the policy limit to execute the disciplinary action. Which is due process violated."

Moreover, Plaintiff asserts, "Through the investigation of this incident on 5/31/2020 my legal work, mail and all my personal property was thrown away by LMDC. My property was also allowed by LMDC to be raided and took from by other inmates they call trustees. Violation directly against LMDC policy." He states, "Without the appropriate officer signing off on disciplinary report has violated my 14th amendment. The abuse I've received for no reason, because I never acted in a violent matter my 8th amendment has been violated." Plaintiff continues, "Me not being able to fight my right up because of lies, and coercion my 1st amendment has been violated, because of this matter. I have suffered tremendously mental anguish." Plaintiff states that he has not been able to sleep because of "certain officers harassment and intimidation" since May 31, 2020, and has been "paranoid in fear for my life." He also states that he has "scars and bruises which has continued pain day and night." He alleges that Defendants Clark and Baker have "the duty to protect me (DeShawn Moore) and my property but have not. Also a 4th amendment violation . . . ."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "release from illegal detention."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.  ANALYSIS

### A.  LMDC and official-capacity claims

Plaintiff sues Defendant LMDC and sues Defendants Baker and Clark in their official capacities.  LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).  In this situation, Louisville Metro Government is the proper defendant.  *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990).  Further, Louisville Metro Government is a "person" for purposes of § 1983.  *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).  The Court therefore will construe the claim against LMDC as a claim brought against Louisville Metro Government.

Moreover, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55).  Suing employees in their official capacities is the equivalent of suing their employer.  *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. at 503.  Therefore, the Court construes Plaintiff's official-capacity claims against Baker and Clark as brought against their employer, Louisville Metro Government.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a

municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any violation of his constitutional rights occurred as a result of a policy or custom implemented or endorsed by Louisville Metro Government. In fact, he repeatedly states that the actions violated LMDC policy. Accordingly, Plaintiff's claim against Defendant LMDC and his official-capacity claims against Defendants Baker and Clark will be dismissed for failure to state a claim upon which relief may be granted.

**B. Individual-capacity claims**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Plaintiff broadly alleges

that Defendants Baker and Clark had a duty to protect him and his property. However, he does not allege that these Defendants were personally involved in the excessive-force incident, the disciplinary actions, the removal of his legal mail or property, or any other actions. The only person who Plaintiff alleges took any specific action is Officer Elmore, but Plaintiff does not name him as a Defendant.

Moreover, to the extent Plaintiff seeks to hold Defendants Baker or Clark liable based on their supervisory authority as LMCD Deputy Director or Director, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, there must be "a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). The complaint fails to allege that Defendants Baker or Clark encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced in any unconstitutional conduct.

Accordingly, the individual-capacity claims against Defendants Baker and Clark must be dismissed for failure to state a claim upon which relief may be granted.

However, before dismissing the action, the Court will give Plaintiff an opportunity to file an amended complaint naming any persons, in their individual capacities, who he alleges were personally involved in the violation of his constitutional rights and stating specific factual allegations against each such individual. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

### IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the claims against Defendant LMDC and the official and individual-capacity claims against Defendants Baker and Clark are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate Defendants LMDC, Baker, and Clark** as parties to this action.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint** naming any persons, in their individual capacities, who he alleges were personally involved in the violation of his constitutional rights and stating specific factual allegations against each such individual.

The Clerk of Court is **DIRECTED** to place the instant case number and word "Amended" on a § 1983 complaint form, along with three summons forms, and send them to Plaintiff.

**Plaintiff is WARNED that his failure to file an amended complaint within 30 days will result in the dismissal of this action for the reasons stated herein.**

Date: January 21, 2021

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Jefferson County Attorney
4415.010

8